UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CARL P.,

              Plaintiff,

v.                                                              3:23-CV-1621
                                                                (ML)
COMMISSIONER OF SOCIAL
SECURITY,

              Defendant.
_____

APPEARANCES:                                       OF COUNSEL:

MEGGESTO, CROSSETT & VALERINO, LLP                 KIMBERLY SLIMBAUGH, ESQ.
  Counsel for the Plaintiff
511 East Fayette Street
Syracuse, New York 13202

SOCIAL SECURITY ADMINISTRATION                     JASON PECK, ESQ.
  Counsel for the Defendant                          Special Assistant U.S. Attorney
6401 Security Boulevard
Baltimore, Maryland 21235

MIROSLAV LOVRIC, United States Magistrate Judge

# ORDER

Currently pending before the Court in this action, in which Plaintiff seeks judicial review of an adverse administrative determination by the Commissioner of Social Security, pursuant to 42 U.S.C. §§ 405(g), are cross-motions for judgment on the pleadings.[1]  Oral argument was heard in connection with those motions on February 25, 2025, during a telephone conference

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18.  Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

conducted on the record.  At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination was not supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by Plaintiff in this appeal.

After due deliberation, and based upon the Court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is

**ORDERED** as follows:

1) Plaintiff's motion for judgment on the pleadings (Dkt. No. 8) is GRANTED.

2) Defendant's motion for judgment on the pleadings (Dkt. No. 12) is DENIED.

3) The Commissioner's decision denying Plaintiff Social Security benefits is REVERSED.

4) This matter is REMANDED to the Commissioner, without a directed finding of disability, for further administrative proceedings consistent with this opinion and the oral bench decision, pursuant to sentence four of 42 U.S.C. § 405(g).

5) The Clerk of Court is respectfully directed to enter judgment, based upon this determination, REMANDING this matter to the Commissioner for further administrative proceedings consistent with this opinion and the oral bench decision, pursuant to sentence four of 42 U.S.C. § 405(g) and closing this case.

Dated: March 3, 2025
      Binghamton, New York

_Miroslav Lovric_
Miroslav Lovric
United States Magistrate Judge
Northern District of New York

```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
CARL L. P., JR.,

                            Plaintiff,

vs.                                        3:23-CV-1621

Commissioner of Social Security,

                            Defendant.
------------------------------------------------------x
```

**Transcript of DECISION**

**February 25, 2025**

**the HONORABLE MIROSLAV LOVRIC, Presiding**

<u>APPEARANCES</u> (by telephone)

```
For Plaintiff:    MEGGESTO, CROSSETT & VALERINO, LLP
                  511 East Fayette Street
                  Syracuse, NY 13202
                    BY:  KIMBERLY A. SLIMBAUGH, ESQ.

For Defendant:    SOCIAL SECURITY ADMINISTRATION
                  Office of the General Counsel
                  6401 Security Boulevard
                  Baltimore, MD 21235
                    BY:  JASON P. PECK, ESQ.
```

*Eileen McDonough, RPR, CRR*
*Official United States Court Reporter*
*P.O. Box 7367*
*Syracuse, New York 13261*
*(315)234-8546*

1    THE COURT:  The Court is going to begin then by
2 issuing the following decision.
3            First, plaintiff has commenced this proceeding
4 pursuant to Title 42, United States Code, Section 405(g) to
5 challenge the adverse determination by the Commissioner of
6 Social Security finding that he was not disabled at the
7 relevant times and therefore ineligible for the benefits that
8 he sought.
9            By way of background, the Court states the
10 following.
11           Plaintiff was born in 1969.  He is currently
12 approximately 55 years of age.  He was approximately 52 years
13 old on the date of this application for benefits.  At the
14 time of his administrative hearing on November 16, 2022,
15 plaintiff lived with his 14-year-old son.  Plaintiff stands
16 approximately 5 feet, 11 inches in height and weighs
17 approximately 270 pounds.  Plaintiff is a high school
18 graduate who attended regular education classes.
19           Between 1986 and 2021, plaintiff worked for various
20 companies in the sprinkler fitting industry.  The work
21 required lifting and carrying pipes ranging from 15 pounds up
22 to 200 pounds, with a significant amount of overhead
23 reaching.  Over the course of his career, plaintiff suffered
24 a number of neck and back injuries, including a fall from a
25 ladder in the year 2000.  Plaintiff testified that the

1  physical functional limitations imposed by his chronic neck,
2  back and hip pain as well as carpal tunnel syndrome forced
3  him to stop working in April of 2021.
4          Procedurally the Court states the following.
5          The plaintiff applied for Title II benefits on
6  October 20, 2021, alleging an onset date of April 1 of 2021.
7  In support of his application for benefits, plaintiff claims
8  disability based on a number of physical impairments
9  including neck pain that radiates into his shoulder and
10 chest; carpal tunnel syndrome that impedes the use of his
11 hands; as well as back and hip pain that is aggravated by
12 walking, bending and twisting.
13         Administrative Law Judge Kenneth Theurer conducted
14 a hearing on November 16, 2022 to address plaintiff's
15 application for benefits.  ALJ Theurer issued an unfavorable
16 decision on December 1 of 2022.  That decision became the
17 final determination of the agency on November 2nd, 2023, when
18 the Appeals Council denied plaintiff's request for review.
19         This civil action was commenced on December 26,
20 2023 and it is timely.  In his December 1, 2022 decision at
21 issue in this case, the ALJ first determined that plaintiff
22 met the insured status requirements of the Social Security
23 Act through December 31, 2025, and then the ALJ commenced the
24 familiar five-step test for determining disability.
25         At step one, the ALJ concluded that plaintiff had

1  not engaged in substantial gainful activity since the alleged
2  onset date of April 1 of 2021.
3         At step two, the ALJ concluded that plaintiff had
4  the following severe impairments, those being cervical spine
5  degenerative disc disease, lumbar spine degenerative disc
6  disease, bilateral carpal tunnel syndrome, and a left hip
7  disorder.
8         At step three, the ALJ concluded that plaintiff did
9  not have an impairment or combination of impairments that met
10 or medically equaled the severity of any listed impairments.
11 In making this determination, the ALJ expressly considered
12 the following listings:  Listing 1.15 dealing with disorders
13 of the skeletal spine, and listing 1.18 dealing with an
14 abnormality of a major joint.
15         Next, the ALJ determined that plaintiff has the
16 residual functional capacity, also referred to as RFC, to
17 perform less than the full range of light work.
18 Specifically, the ALJ found that plaintiff can occasionally
19 lift and carry 20 pounds; frequently lift and carry
20 10 pounds; sit for up to six hours; and stand or walk for
21 approximately six hours in an eight-hour workday with normal
22 breaks.
23         The ALJ further found that plaintiff can
24 occasionally climb ramps or stairs and can never climb
25 ladders, ropes or scaffolds.  The ALJ found that plaintiff

1  can perform occasional balancing, stooping, kneeling and
2  crouching but can perform no crawling.  The ALJ also found
3  plaintiff should avoid overhead reaching; can have no more
4  than frequent handling or fingering bilaterally; and should
5  avoid work that requires rapid, repetitive flexion, extension
6  or rotation of the cervical spine.
7         At step four, the ALJ relied on the vocational
8  expert testimony to determine that plaintiff is unable to
9  perform any past relevant work.  Again relying on the
10 vocational expert testimony, the ALJ found that, considering
11 plaintiff's age, education, work experience, and RFC, the ALJ
12 concluded that there were jobs existing in significant
13 numbers in the national economy that plaintiff can perform.
14        Accordingly, the ALJ found that plaintiff was not
15 disabled from his alleged onset date of April 1, 2021 through
16 the date of the ALJ's decision.
17        The Court now turns to the plaintiff's arguments.
18 First I begin by indicating, as you know, this Court's
19 functional role in this case is limited and extremely
20 deferential.  The Court must determine whether correct legal
21 principles were applied and whether the determination is
22 supported by substantial evidence, which is defined as such
23 relevant evidence as a reasonable mind would find sufficient
24 to support a conclusion.  As the Second Circuit noted in
25 *Brault v. Social Security Administration Commissioner*, found

at 683 F.3d 443, a 2012 case, the circuit therein indicated this standard is demanding, more so than the clearly erroneous standard. The Court in *Brault* also noted that once there is a finding of fact, that fact can be rejected only if a reasonable factfinder would have to conclude otherwise.

Now, the plaintiff raises primarily three contentions in this proceeding.

First, plaintiff argues that the ALJ erred in determining that plaintiff should, quote, "avoid work that would require rapid, repetitive flexion, extension, or rotation of the cervical spine," because such specific and narrow findings are not supported by any record evidence.

Secondly, the plaintiff argues that the ALJ erred in evaluating the medical opinion of plaintiff's treating physician, Dr. Darlene Denzien, particularly her opinion regarding plaintiff's ability to sit or stand for extended periods, his need to change positions, his ability to use his hands, and the estimated time plaintiff would be off task during the workday.

Third, plaintiff argues that the ALJ's step five determination is not supported by substantial evidence because the ALJ failed to resolve a conflict between the Dictionary of Occupational Titles, also referred to as DOT, and the vocational expert testimony regarding the amount of overhead reaching required for the representative jobs that

1  plaintiff could purportedly perform.
2          The Court begins its analysis as follows.
3          First, the Court finds that remand for further
4  administrative findings in this case is required to properly
5  evaluate the record evidence related to the functional
6  limitations imposed by plaintiff's cervical spine impairment,
7  particularly the ability to turn his head, for the following
8  reasons.
9          This Court recognizes that ALJs are not required to
10 reconcile every conflicting shred of evidence in their
11 decisions.  However, it is equally true that ALJs must
12 discuss the evidence and factors crucial to the disability
13 determination with sufficient specificity to enable this
14 Court to decide whether the determination is supported by
15 substantial evidence.  Put another way, an ALJ must build an
16 accurate and logical bridge from the evidence to his
17 conclusion to enable a meaningful review.
18         With that in mind, courts have consistently found
19 that a very specific or narrowly tailored RFC assessment must
20 be based on evidence in the record and not on the ALJ's own
21 surmise.  See case of *Cosnyka versus Colvin*, 576 Fed.App'x
22 43, at page 46, that is a Second Circuit 2014 case.  It's a
23 summary order, and therein the Second Circuit remanding where
24 there was no record evidence to support very specific RFC
25 finding that plaintiff would be off task for just six minutes

1  every hour.  See also case of *Mariani versus Colvin*, 567 F.
2  Appendix 8 at page 10.  That's also a Second Circuit 2014
3  case.  And in that summary order, the Second Circuit remanded
4  where the record contained no evidence to support ALJ's
5  determination that plaintiff's carpal tunnel syndrome still
6  allowed use of his dominant hand for half the workday.
7         Here, the ALJ cited record evidence from multiple
8  physical examinations supporting plaintiff's claim that he
9  experienced pain and limited range of motion in his neck,
10 particularly when turning his head from side to side.  Then,
11 without further explanation, the ALJ included a very specific
12 and very narrow functional limitation in the RFC, namely,
13 that plaintiff, and I quote, "should avoid work that requires
14 rapid, repetitive flexion, extension or rotation of the
15 cervical spine."  Such a determination suggests that
16 plaintiff could still frequently perform other repetitive
17 head movements, expanding the number of light work jobs
18 available to plaintiff.
19         In their brief, the Commissioner acknowledges that
20 no medical opinion in the record directly corresponds to the
21 ALJ's RFC determination regarding plaintiff's ability to turn
22 his head.
23         In particular, Dr. Rita Figueroa, who performed
24 plaintiff's consultative examination, opined that plaintiff
25 had, quote, "moderate to severe limitation for turning

1  movements of the neck," language that the ALJ characterized
2  as vague.
3        Dr. Shoshanna Miller, who examined plaintiff in
4  connection with his workplace injuries, opined that plaintiff
5  cannot perform repetitive bending or twisting.  This broad
6  restriction was not confined to rapid movements of the head
7  and neck.
8        Treatment notes from plaintiff's pain specialist,
9  Dr. Darlene Denzien, contained a similar general restriction
10 on repetitive bending or twisting, but Dr. Denzien did not
11 address the issue in her September 2022 medical source
12 statement.
13       Two non-examining state agency consultants, those
14 being Dr. A. Periakaaruppan and Dr. S. Ahmed, you can see
15 those at transcript pages 59 through 62, and 74 through 77,
16 reviewed plaintiff's medical records and offered no opinion
17 regarding plaintiff's ability to turn his head.
18       Furthermore, this Court's searching review of the
19 record has identified no other medical or testimonial
20 evidence that would support the ALJ's very narrow assessment
21 of the functional limitations imposed by plaintiff's cervical
22 spine impairment.  Almost all the treatment and examination
23 notes in the medical record describe chronic neck pain that
24 restricts plaintiff's range of motion and is aggravated by
25 physical activity.

1          Plaintiff testified regarding his activities of
2    daily living and recreational activities, such as bowling and
3    fishing, that may translate to an ability to perform certain
4    types of light work.  However, none of this evidence suggests
5    that plaintiff's neck problems only arise with, quote,
6    "rapid, repetitive" movement.  Thus, this court is unable to
7    glean the rationale for the ALJ's very specific RFC
8    determination, and the ALJ has failed to construct the
9    requisite logical bridge between the evidence and his
10   findings.
11          This Court notes the vocational expert's
12   November 16, 2022 hearing testimony that an inability to
13   perform more than occasional turning of the head and neck
14   would preclude most forms of light work.  Therefore, the
15   ALJ's error in failing to adequately explain his evaluation
16   of this issue cannot be considered harmless and, therefore,
17   remand is required on this basis.
18          The Court finds that plaintiff's remaining
19   arguments do not present independent grounds for remand, so I
20   will address them in a summary fashion.  That being said,
21   reconsideration of plaintiff's cervical spine impairment
22   along with any new evidence introduced on remand may impact
23   other portions of the ALJ's disability determination,
24   including the discrete findings challenged in plaintiff's
25   brief.

1         Dr. Darlene Denzien, plaintiff's pain treatment
2    specialist, provided the most restrictive medical opinion in
3    the record.  The ALJ found it only had, quote, "some limited
4    persuasive value."  Plaintiff contends that this was error,
5    because it relied on cherry-picked portions of Dr. Denzien's
6    treatment notes.  This Court disagrees.
7         The ALJ's analysis considered the supportability
8    and consistency of the opinion by considering not only
9    multiple findings in Dr. Denzien's treatment notes, but also
10   the results of Dr. Figueroa's consultative examination.  The
11   ALJ also explained his reasons for finding other opinion
12   evidence more persuasive than Dr. Denzien's opinion.
13        To the extent that plaintiff argues that the ALJ
14   should have interpreted this record evidence differently,
15   such challenges must be rejected, because they are premised
16   upon a disagreement over how the ALJ resolved arguably
17   conflicting evidence.  It is not sufficient that reasonable
18   parties could interpret the evidence differently, and is not
19   the function of this reviewing court to reweigh that
20   evidence.
21        At the December 2021 hearing, the vocational expert
22   identified three representative occupations that an
23   individual with plaintiff's RFC could perform.  First, sales
24   attendant; second, price marker; and third, routing clerk.
25   Plaintiff contends that the ALJ failed to adequately

investigate a conflict between the frequent reaching required by all three of these occupations under the DOT and plaintiff's ability to perform overhead reaching as established by the ALJ's RFC determination. This Court disagrees.

It is well-established that the ALJ is required to, quote, "obtain a reasonable explanation" for any apparent conflict between the DOT and vocational expert testimony. See case of *Lockwood versus Commissioner of Social Security*, 914 F.3d 87, at page 92, Second Circuit 2019 case. *Lockwood* also recognized that in some cases this conflict may be susceptible to easy resolution.

The combination of the ALJ's questions, follow-up inquiries from plaintiff's counsel, and the vocational expert's hearing testimony appropriately resolved the conflict with the reaching requirements in the DOT for each of the three representative occupations. Over the course of his testimony, the vocational expert explained that he was familiar with the physical requirements of each of these positions, because his professional experience included placing individuals into these jobs within the last few years. Based on that experience, the vocational expert estimated that the number of available sales attendant jobs would be reduced by half, that being from 250,000 to 125,000 jobs available nationally, if overhead reaching were

1  excluded, but that the number of available price marker and
2  routing clerk positions would be largely unchanged.
3          Therefore, this Court finds the ALJ made an
4  appropriate inquiry of the vocational expert testimony
5  regarding the impact of the overhead reaching restrictions on
6  the number of jobs that plaintiff would be able to perform,
7  and adequately the ALJ resolved the conflict with the DOT.
8          Based on all of this, and according to my analysis
9  that I just set forth, accordingly, the plaintiff's motion
10 for judgment on the pleadings is granted; defendant's motion
11 for judgment on the pleadings is denied; and this matter is
12 reversed and remanded to the Commissioner pursuant to
13 sentence four of Title 42 U.S. Code 405(g) for further
14 proceedings consistent with this decision and order.
15         As I indicated, I will have my order that I just
16 rendered on the record transcribed.  I will then attach it to
17 a summary order and then I will file that summary order with
18 attachment in short order in the future.  This concludes our
19 hearing for today.  And I hope everybody has a good rest of
20 the day.  Take care, everybody.
21         MS. SLIMBAUGH:  Thank you, your Honor.
22         MR. PECK:  Thank you, your Honor.
23                 *               *               *
24
25

C E R T I F I C A T I O N

I, EILEEN MCDONOUGH, RPR, CRR, Federal Official Realtime Court Reporter, in and for the United States District Court for the Northern District of New York, do hereby certify that pursuant to Section 753, Title 28, United States Code, that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

_____
EILEEN MCDONOUGH, RPR, CRR
Federal Official Court Reporter